J.Z. v Salerno (2021 NY Slip Op 05290)





J.Z. v Salerno


2021 NY Slip Op 05290


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Index No. 22087/19E Appeal No. 14259 Case No. 2020-05032 

[*1]J.Z., an Infant by his Mother and Natural Guardian, Priscilla M. Feican et al., Plaintiffs-Respondents,
v
Vincenzo Salerno et al., Defendants-Appellants.


Hagelin Spencer LLC, Garden City (Louis T. Cornacchia III of counsel), for appellants.
The Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 18, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, or, alternatively, for a finding that the infant plaintiff was negligent, unanimously affirmed, without costs.
The court properly denied the motion of defendants Vincenzo Salerno and Angela M. Salerno for summary judgment. Defendants failed to meet their initial burden to show that there existed no triable issue of fact, in light of the parties' conflicting accounts as to how the accident occurred (see G.G.N. v Ramos, 171 AD3d 619, 621 [1st Dept 2019]; Martinez v Clean Air Car Serv. & Parking Branch One, LLC, 148 AD3d 569 [1st Dept 2017]). Defendant Vincenzo Salerno testified that his vehicle was stopped in very congested traffic when the infant plaintiff banged his head and arm on the vehicle's passenger-side mirror, while the infant plaintiff testified that after checking for oncoming traffic, he took two or three steps from the parking lane into the roadway, and was struck in the ankle by defendants' vehicle seconds later. Contrary to defendant's claim, plaintiff did not clearly admit in his deposition that he emerged into the street from between parked cars. Plaintiff's affidavit, which states that he crossed at the intersection, is not an inconsistent feigned issue of fact (Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]). There are also triable issues as to whether defendant driver could have seen the infant plaintiff before the impact, yet failed to exercise care to avoid the accident (see Sylvester v Velez, 146 AD3d 599 [1st Dept 2017]; Moreira v Ramos, 95 AD3d 561, 561-662 [1st Dept 2012]; Vehicle and Traffic Law § 1146).
Contrary to defendants' contention, the uncertified police accident report is not competent evidence, because it was completed by a police officer who did not witness the impact, and it contains hearsay statements regarding the ultimate issues of fact, which may not be admitted into evidence for the purpose of establishing the cause of the accident (Fay v Vargas, 67 AD3d 568, 569 [1st Dept 2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021